PEOPLE ex rel. CLAPP v. DEPT. OF POLICE.     457

First Department, October Term, 1875.

. Opinion by Brady, J.   Davis, P. J., and Daniels, J., concurred.
Ordered accordingly.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel.
IRA M. CLAPP v. THE DEPARTMENT OF POLICE
and THE MAYOR, Etc., OF THE CITY OF NEW YORK.

*Board of police — power of, to remove patrolmen — when proceedings of, not reviewed
on certiorari.*

Certiorari to review the action of the board of police commissioners in removing the relator, a patrolman, from the police force.

The police commissioners were clothed with power to remove policemen, on charges, notice and trial.   In this case the formal proceedings were all taken.   A citation was issued and duly served, containing the charge of " conduct unbecoming an officer," with specifications of the particular grounds of offense, and summoning the relator to appear for trial on a day specified.   The specifications were, in substance, that the relator was acting as, and exercising the powers and wearing the uniform of, a patrolman of the police force, without warrant or authority of law.   That when appointed he was ineligible and disqualified by law, because he was more than thirty years of age.   That the action of the board, in attempting to reappoint him, did not conform to the statute in such case made and provided.   The relator, when duly called, did not appear.

On the trial, which proceeded with due formality, evidence tending to prove the specifications contained in the citation was given, and the relator was found guilty of the charge, and the commissioners adjudged the facts to be sufficient grounds for removal. The court *held*, that it could not review this proceeding on *certiorari*, unless there was a defect, or plain excess, of jurisdiction. (*People* v. *Cholwell*, 6 Abb., 151; *People* v. *Board of Police*, id., 162; *People ex rel. Platt* v. *Stout*, 19 How. Pr.; 171.)

The court further *held*, that the really important question seemed to be, whether the board had power to inquire into the truth of those grounds, and formally remove the relator on finding them well founded, and concluded that they had that power; that the com-

missioners had power to inquire whether any acting member of the police force was so acting without lawful authority, and, if the board concluded that such was the case, to remove him formally by resolution or order.

*A. Oakey Hall*, for relator.    *E. Delafield Smith*, counsel to the corporation.

Opinion by Davis, P. J.   Brady and Daniels, JJ., concurred.

Certiorari dismissed, with costs.

---

JOHN S. GILES, Receiver, etc., Respondent, *v.* GILBERT R. SPAULDING and another, Appellants.

*Lease — breach of covenants — liquidated damages — penalty.*

Appeal from a judgment in favor of plaintiff, entered on the report of a referee.

A lease, under which the defendants occupied the Bowery theater in the city of New York, contained covenants that the premises should not be let or underlet without the written consent of the lessor, and should not be used or occupied for any other purpose than theatrical or equestrian, operatic and magical performances, and, in reference thereto, it provided as follows: "Nor shall the said premises be underlet in any way without the written consent of the party of the first part had and obtained, under penalty (which is hereby mutually agreed upon) of immediate forfeiture of this lease; and the sum of $5,000 is hereby fixed as the liquidated damages against the said party of the second part for a violation of the above written covenants, and using the said premises for any purpose other than equestrian or theatrical, operatic and magical performances."

The court say: "If it were necessary to consider whether this provision was in the nature of a penalty and not otherwise, it would not be difficult, on the authorities, to show that it was so designed; and if not, then that, under the established rules of construction, a forfeiture of the lease and a penalty of $5,000 in addition, for a violation of either of the covenants mentioned, might be regarded